# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re:
    **MARJORIE P. PICKETT**       Chapter 7 Case
    Debtor      #02-11804

**MARJORIE P. PICKETT,**
    Plaintiff      Adversary Proceeding
    v.      # 04-1014
**JOHN T. QUINN, as ADDISON**
**COUNTY STATE'S ATTORNEY**
    Defendant.

*Filed & Entered On Docket 01/25/05*

## MEMORANDUM OF DECISION
### GRANTING SUMMARY JUDGMENT

    Marjorie P. Pickett (the "Plaintiff") commenced this adversary proceeding requesting the Court to (1) enforce the automatic stay against John T. Quinn, in his capacity as Addison County State's Attorney (the "Defendant"); (2) order the Defendant to cease all efforts to collect the pre-petition debts from the Plaintiff; and (3) award compensatory and punitive damages under § 362(h)[1]. The Plaintiff asserts that the Defendant filed certain criminal complaints against the Plaintiff for various checks that were returned for insufficient funds and that the filing of these criminal complaints violates the automatic stay. The Court finds that the plain language of the Bankruptcy Code excepts the application of the automatic stay to criminal proceedings, finds that the Plaintiff seeks no other form of relief, and hence, that the Defendant is entitled to judgment as a matter of law.

    This Court has jurisdiction over the subject motions pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (C).

### BACKGROUND FACTS

    The pertinent facts are not in dispute. On or about November 12, 2002, the Defendant filed an Information charging the Plaintiff with nine (9) counts of violations of 13 V.S.A. § 2022 ("Bad Checks")(the "First Information"). See Defendant's Statement of Undisputed Material Facts, (doc. # 38), ¶ 1. The First Information asserts that the Plaintiff had passed bad checks during the period of August 8, 2002 through October 5, 2002. See id. at ¶ 2. The only dispute with regard to the filing of the First Information is whether the Defendant can prove the requisite elements under 13 V.S.A. § 2002, the Vermont "bad check" statute.

---

[1] All references to specific statutory sections, unless indicated otherwise, refer to the United States Bankruptcy Code.

1

See Plaintiff's Statement of Disputed Undisputed Facts, doc. # 48).  There is no dispute that the First Information was filed or as to the timing of its filing.  The Plaintiff filed a chapter 13 bankruptcy petition on December 20, 2002 (the "Petition Date") (Case No. 02-11804, doc. # 1), approximately five weeks after the First Information was filed.

On or about May 26, 2003, the Defendant filed an Information dated May 23, 2003, charging the Plaintiff with three additional counts of violations of 13 V.S.A. § 2022 ("Bad Checks") (the "Second Information").  See Defendant's Statement of Undisputed Material Facts, (doc. # 38), ¶ 5.  The Second Information asserts that the Plaintiff had passed bad checks during the period of October 1, 2002 through October 3, 2002. See id. at ¶ 6.  It is undisputed that the filing of the First and the Second Informations alleged violations of a Vermont penal statute which initiated criminal proceedings against the Debtor.  For ease of reference, the Court will refer to the actions of the Defendant about which the Plaintiff complains as the "Bad Check Prosecutions."  For purposes of the Motion for Summary Judgment, the Defendant does not dispute that the Bad Check Prosecutions were initiated both before and after the Plaintiff filed for bankruptcy protection, based on bad checks written and passed before the bankruptcy filing and that those prosecutions sought or seek restitution, at least in part.  See Defendant's Renewed Motion for Summary Judgment and Accompanying Memorandum of Law, p. 1.

On March 1, 2004, the Plaintiff's bankruptcy case was converted from one under Chapter 13 to one under Chapter 7 (Case No. 02-11804, doc. # 64).  On June 8, 2004, this Court entered an order granting the Plaintiff a discharge under § 727 (Case No. 02-11804, doc. # 75).  Shortly thereafter, on June 24, 2004, this Court entered an order, *inter alia,* closing the Plaintiff's bankruptcy case (Case No. 02-11804, doc. # 77).  The complaint in this adversary proceeding (doc. #1) was filed on March 4, 2004.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056.  A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  The substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247.  Factual disputes that are irrelevant or unnecessary are not material. Id.  Furthermore, materiality is determined by assessing whether the fact in dispute, if proven, would satisfy a legal element under the theory alleged or otherwise affect the outcome of the case. Id.  In making its determination as to whether summary judgment is proper, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Anderson, 477 U.S. at 249;

2

see also Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

**DISCUSSION**

In her Complaint, the Plaintiff seeks enforcement of the automatic stay, compensatory damages (including attorneys' fees), and punitive damages for willful stay violations; she seeks no alternative relief and has not requested injunctive relief beyond enforcement of the automatic stay. In his motion for summary judgment, the Defendant seeks judgment as a matter of law with respect to the Plaintiff's claim. The Defendant argues that he is entitled to judgment as a matter of law, *inter alia,* because criminal prosecutions, such as the Bad Check Prosecutions, which may include criminal restitution, are not subject to the automatic stay and that prosecutorial and eleventh amendment immunity bar the Plaintiff's claims for damages, including attorney's fees. The Court must first determine whether the automatic stay applies.

**I.    DOES THE AUTOMATIC STAY APPLY TO THE CRIMINAL PROCEEDINGS?**

The language of § 362(b)(1) clearly and explicitly excepts the applicability of the automatic stay to the "commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). Respecting this language, the authoritative Committee Reports note: "The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy." H.R. No. 95-595, 95th Cong. 1st Sess. At 342 (1977); S.R. Rep. No. 95-989, 95th Cong. 2d Sess. At 51 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5837, 6299.

It is undisputed that the Bad Check Prosecutions allege violations of the Vermont penal statute and are criminal in nature.[2] While the Plaintiff disputes that the Defendant can prove each of the elements of 13 V.S.A. § 2022, that dispute is not material to the issues before the Court. Anderson, 477 U.S. at 247. The Plaintiff asserts that if the primary motivation of the prosecutor is debt collection, then the exception contained in § 362(b)(1) to criminal proceedings does not apply, that the prosecutor's motivation takes the prosecution out of the realm of a "criminal proceeding" for purposes of determining the applicability of the automatic stay. The Plaintiff also argues that because she has obtained her order of discharge, that the continuation of the Bad Check Prosecutions violate the discharge injunction of § 542(a)(2). The Court disagrees.

The pertinent portion of 13 V.S.A. § 2022 provides as follows:

> a person who issues or passes a check... for the payment of money, knowing that it will not be honored by the drawee, shall be imprisoned for not more than one year or fined not more than $1,000 or both. The court shall order

---

[2] 13 V.S.A. § 2022, entitled "Bad Checks," is included in Chapter 13 which is entitled "Crimes and Criminal Procedure."

3

> restitution in the amount of the check or order, together with a service charge
> not to exceed $5.00, if it is established that the defendant has the ability to pay.

In the event the prosecution can meet its burden, restitution is only one of several punishments available for the state court's consideration. While the statute provides that the court "shall order restitution," there is an express carve-out if the defendant does not have the ability to pay. The Plaintiff argues that the statute mandates restitution and, as a result, is in conflict with the Bankruptcy Code. This interpretation ignores the plain language of the Vermont statute, which provides the state court with the ability to except the imposition of restitution upon a finding that the Defendant does not have the ability to pay restitution. It is important to note that at this stage, no conviction has been entered and no restitution has been ordered by the State court.

The fact that restitution is one of the objectives of the state criminal proceeding, or even the main objective, does not warrant this Court's interference with the criminal proceeding. See e.g., Walsh v. Abrams (In re HBG Servicecenter, Inc.), 45 B.R. 668, 673 (E.D. N.Y. 1985). Bankruptcy is a civil proceeding having as its objective the relief of the debtor through either discharging his or her debts, or providing a method for their payment. Id. Criminal proceedings such as the Bad Check Prosecutions have as their objective vindication of the public policy of the State and the punishment and rehabilitation of offenders of that policy. Id. Restitution is one of the forms of punishment under 13 V.S.A. § 2002. The fact that the underlying debts for which restitution may be sought were discharged by an order of this Court does not emasculate the viability of the criminal proceeding.[3] Id.

Despite the clear congressional intent reflected in the Bankruptcy Code's legislative history and the plain language of the statute, some courts have enjoined pending criminal proceedings, principally in "bad check" cases. See, e.g., In re Dovell, 311 B.R. 492, 494 (Bankr. S. D. Ohio 2004) (preliminary injunction enjoined criminal prosecution when initiated by specific creditor to compel payment of debt after debtor filed bankruptcy); Ohio Waste Services Inc. v. Fra-Mar Tire Services, Inc., 23 B.R. 59, 60 (Bankr. S.D. Ohio 1982) (creditor who initiated prosecution and prosecutor enjoined from continuing prosecution) In re Alan I.W. Frank Corp., 19 B.R. 41, 43-44 (Bankr. E.D. Pa. 1982) (permanent injunction enjoined criminal prosecution when initiated by specific creditor to compel payment of debt by debtor and debtor's president after debtor filed bankruptcy). However, the rationale underlying the holdings of these cases is that it is inconsistent with the Bankruptcy Code's objectives to permit creditors to initiate criminal proceedings to compel the payment of debts discharged in bankruptcy. Each of the cases focus on the creditor and/or the prosecutor's purpose

---

[3] Furthermore, the possible future imposition of restitution is insufficient grounds for this Court to permanently enjoin the Bad Check Prosecutions under § 105 or to hold the Defendant in contempt for violating the discharge injunction under § 524. Even if the Plaintiff had requested injunctive relief beyond the enforcement of the automatic stay in this proceeding, she has failed to meet the requisite elements for a permanent injunction and no state court restitution order exists.

4

for prosecuting the various debtors, and use what is commonly referred to as the "motivation test." This Court rejects the Plaintiff's invitation to apply the motivation test here where there is no evidence that any creditor is the impetus for the Bad Check Prosecutions. Thus, the prosecutor's motivation is not material.

The Bankruptcy Code declares that § 362 does not stay "the commencement or continuation of a criminal action or proceeding against the debtor." It is a clear and straightforward declaration. There is no hint of any exception for prosecutorial purpose or bad faith. In re Gruntz, 202 F.3d 1074, 1085 (9th Cir. 2000). If the statutory command of the Bankruptcy Code is clear, we need look no further: it must be enforced according to its terms. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989). The plain language of the statute is both unambiguous and unequivocal and excepts the application of the automatic stay to criminal proceedings. This Court finds the Bad Check Prosecutions to be criminal proceedings. Therefore, the Court concludes that the automatic stay does not apply and cannot be enforced against the Defendant. Accordingly, the Defendant is entitled to judgment as a matter of law.

Even if the Plaintiff's Complaint could be construed to request further injunctive relief, under the notions of federalism, this Court finds that it should not interfere with a state court criminal proceeding. See Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court held that a federal court should not enjoin a pending state criminal prosecution except under extraordinary circumstances where there is a great and immediate danger of irreparable harm to a plaintiff's federally protected rights that could not be eliminated by his defense against a single prosecution. This Court has found no authority, and the parties have not presented any, for this Court to ignore the principles of Younger. Accordingly, the Younger doctrine would preclude any relief for the Plaintiff. The Court finds there are no extraordinary circumstances present here and hence will not interfere with the pending State proceedings.

## II.    IS THE PLAINTIFF ENTITLED TO DAMAGES AGAINST THE STATE?

The Plaintiff seeks an award of compensatory damages as well as punitive damages under § 362(h) for willful violations of the automatic stay. Because the Court determines that the automatic stay does not apply to the Bad Check Prosecutions initiated by the Defendant, no damages will be awarded and accordingly, the Court need not determine whether sovereign immunity bars the Plaintiff's recovery of damages.

## CONCLUSION

The Court finds there is no genuine dispute as to any material fact and that the Defendant is entitled to judgment as a matter of law. Therefore, the Court grants the Defendant's renewed motion for summary judgment.

January 25, 2005  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

5